United States District Court
Middle District of Florida
Jacksonville Division

**JULIE LAFOLLETTE AND**
**DAVID LAFOLLETTE,**

    *Plaintiffs,*

v.                                                         No. 3:19-cv-1470-J-34PDB

**USAA CASUALTY INSURANCE COMPANY,**

    *Defendant.*

## Order

Julia Lafollette and David Lafollette sue USAA Casualty Insurance Company. According to Ms. Lafollette, on January 24, 2019, she was driving her car when she was thrice hit from behind and injured because of the negligent driving of Barbara Jo Covington. She claims USAA breached a policy by failing to pay underinsured motorist benefits, and he claims loss of consortium. Doc. 4.

Before the Court is USAA's motion to overrule Ms. Lafollette's objection to a request to produce her cellular telephone bills for the period one hour before and one hour after the accident and to order her to provide the bills. Doc. 18 at 3. She had responded to the request, "Objection, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." Doc. 18 at 3. The parties could not resolve the matter. Doc. 18 at 4. She provides no response in opposition to the motion.

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the

issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

The 2015 amendments to Rule 26 sought to eliminate for good the "reasonably calculated" standard:

> The former provision for discovery of relevant but inadmissible information that appears "reasonably calculated to lead to the discovery of admissible evidence" is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the "reasonably calculated" phrase to define the scope of discovery "might swallow any other limitation on the scope of discovery." The 2000 amendments sought to prevent such misuse by adding the word "Relevant" at the beginning of the sentence, making clear that "'relevant' means within the scope of discovery as defined in this subdivision ..." The "reasonably calculated" phrase has continued to create problems, however, and is removed by these amendments. It is replaced by the direct statement that "Information within this scope of discovery need not be admissible in evidence to be discoverable." Discovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery.

FED. R. CIV. P. 26 advisory committee's note to 2015 amendment.

Rule 34(b)(2)(B) provides that for each item or category in a request for production, "the response must … state with specificity the grounds for objecting to the request, including the reasons." Rule 34(b)(2)(C) adds that an "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

The Middle District of Florida Discovery Handbook adds,

> <u>Reading and Interpreting Requests for Documents</u>. An attorney receiving a request for documents … shall reasonably and naturally interpret it, recognizing that the attorney serving it generally does not have specific knowledge of the documents sought and that the attorney receiving the request or subpoena generally has or can obtain pertinent knowledge from the client. Furthermore, attorneys are reminded that evasive or incomplete disclosures, answers, or responses may be sanctionable[.]
>
> …
>
> <u>Objections</u>. Attorneys should not make objections solely to avoid producing documents that are relevant to the case or that are otherwise necessary to discover or understand … the issues. Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel. Objections to requests for production should be specific, not generalized, and should be in compliance with the provisions of Rule 34(b), Federal Rules of Civil Procedure. Objections to portions of a document request do not excuse the responding party from producing those documents to which there is no objection. Specific objections should be matched to specific requests. General or blanket objections should be used only when they apply to every request. Boilerplate objections such as "the request is overly broad, unduly burdensome, and outside the scope of permissible discovery" are insufficient without a full, fair explanation particular to the facts of the case.

Handbook § III.A.3, 6.

Rule 37(a)(3)(B)(iv) provides that if a party fails to provide a document requested under Rule 34, the requesting party may move for an order compelling production. Rule 37(a)(5)(A) provides that if the motion is granted, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The court "must not order this payment" if the "the movant filed the motion before attempting in good faith to obtain the … discovery without court

3

action"; "the opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Here, Ms. Lafollette's objection is improper for at least three reasons. First, she uses boilerplate language and thereby fails to state with specificity the grounds for objecting. Second, she fails to state whether she is withholding any responsive documents based on her objection. Third, she uses the outdated and problematic "not reasonably calculated" standard.

The Court **grants** USAA's motion to compel, Doc. 18, **overrules** Ms. Lafollette's objection, and **orders** her, by **September 15, 2020**, to (1) provide USAA the requested bills and (2) show cause why she or her counsel or both should not be required to pay USAA the reasonable expenses incurred in making the motion.

**Ordered** in Jacksonville, Florida, on September 1, 2020.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record

4